The judgment of the court was pronounced by
Preston, J.
On the 29th of April, 1847, the Municipality No. Two of New Orleans commenced proceedings, under the act of 1832, for the opening of Claiborne Street. These proceedings appear to have been abandoned, and on the 4th of March, 1848, the municipality re-commenced proceedings for the opening of the street: commisssioners of assessment were appointed, and made a report of their assessment of benefits and damages to be caused by the opening of the street. Oppositions were filed to the proceedings and to the assessment by several adjacent proprietors, and the case was fixed for trial on the 10th of November, 1848, when the municipality discontinued and abandoned the proceedings a second time.
The plaintiff alleges, that when the proceedings were first commenced he was erecting a dwelling house on the site of the intended street on his private property; that he was warned by the commissioners of assessment not to continue the building, as he would not be allowed damages for any additional improvements ; that he did so, from apprehension of that result, and did not complete his building, which if finished would have rented for $30 a month, amounting to $546 during the time the building was suspended. He alleges, that the defendants have caused him that amount of damage by their proceedings, which they delayed and never carried into effect. He proved the facts, and that amount of damage to the satisfaction of the district court, who rendered judgment accordingly; and we think the evidence preponderates in favor of the amount allowed by the judgment.
The power to take private property for public use is the most arbitrary power known to our constitution; so much so that some have doubted the propriety of having incorporated it in our Constitution and laws at all. However this may be, our Constitution has guarded the exei’cise of the power, by declaring that “vested rights shall not be divested unless for purposes of public utility, and for adequate compensation previously made.”
The mode of exercising this power as to streets, is pointed out by the act of 1832; and the Legislature, considering incidental damages which might arise from delay when the exercise of the power became indispensable, directed that it should be a summary proceeding.
These suits against private rights should therefore be commenced only in case of indispensable necessity, and when the corporations are in a situation to afford immediate and ample indemnity. They should be prosecuted in strict conformity to law and to a speedy termination. The fact of great delay and abandon *505 ment of the suit.is prima facie evidence that they were unnecessary; and until fully justified by proof, must subject the corporation to indemnify those who are injured by theta.
The municipal history of this and other cities shows, that these suits are a great burden to the corporations, encourage jobs and speculations, beside often causing great injury to individuals; and we are not disposed to reverse a judgment which may tend to discourage them, unless it be manifestly erroneous.
We cannot conceive any reasonable excuse for the municipality to commence such a proceeding twice, and finally abandon it, after keeping the suffering proprietor in suspense for more than eighteen months, and have no hesitation in pronouncing, that it is legal and equitable tlmt they should pay the actual damages suffered.
The case is entirely different from that of Mallard & Armstead v. The City of Lafayette, in which neither loss nor injury was proved, and in which the claim wore the aspect of a speculation.
The judgment of the district court is therefore affirmed, with costs.